IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LONNIE DONTAE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:22-cv-358-WHA-CSC |
| | ) | (WO) |
| KELLY FITZGERALD PATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *Bivens* action[1] is before the court on the amended complaint of Lonnie Dontae

Mitchell, a federal defendant awaiting sentencing. Doc. 4.[2] Mitchell alleges that United

States Magistrate Judge Kelly Fitzgerald Pate and Attorney Preston L. Presley violated his

Fourteenth and Sixth Amendment rights. *Id*. at 1. He seeks damages for $3.5 million. *Id*.

at 2.

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a
suit for damages against a federal actor who, acting in his or her individual capacity under color
of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at
397; *see Butz v. Economou*, 438 U.S. 478, 498–99 (1978). The standards of liability in *Bivens*
actions are similar to the standards under 42 U.SC. § 1983. *Butz*, 438 U.S. at 500; *Abate v. S. Pac.
Transp. Co*., 993 F.2d 107, 110 n.14 (5th Cir. 1993).

[2] References to documents docketed in this *Bivens* action are designated as "Doc." References to
document numbers in Mitchell's criminal case in this court, Case No. 2:21cr344-RAH-KFP, are
designated as "Crim. Doc." All pinpoint citations are to the pages of the electronically filed
documents in the court's CM/ECF filing system, which may not correspond to pagination on the
hard copies of the documents presented for filing.

# I.  STANDARD OF REVIEW

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A. The Court must dismiss the complaint or any portion thereof that it finds (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915(A). The Court may *sua sponte* dismiss a prisoner's complaint before service. *See* 28 U.S.C. § 1915A(a).

Under §1915(A)(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr*., 254 F.3d

2

1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and is liberally construed. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, such pleadings still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II.  MITCHELL'S AMENDED COMPLAINT

Mitchell alleges that in May 2022, U.S. Magistrate Judge Kelly Fitzgerald Pate and Attorney Preston L. Presley violated his Fourteenth and Sixth Amendment rights. Doc. 4 at 1. Judge Pate entered orders and other pretrial rulings as the Magistrate Judge in

Mitchell's criminal case in the U.S. District Court for the Middle District of Alabama, where, in June 2022, a jury found Mitchell guilty of multiple counts of sex trafficking.[3] *See United States v. Mitchell*, Case No. 2:21cr344-RAH-KFP; Crim. Doc. 237. Presley is Mitchell's defense counsel in the criminal case. Sentencing in the case is set for November 2022. *See* Crim. Doc. 257.

In his amended complaint (Doc. 4), Mitchell points to no specific acts by Judge Pate or Presley. In his original complaint, which was superseded by his amended complaint, Mitchell states that Presley filed a motion to withdrew as his counsel in the criminal case in May 2022, and that Judge Pate initially granted that motion but later, after continuing the matter for further consideration, denied the motion. Doc. 1 at 1. Mitchell alleges that these pretrial rulings violated his Sixth Amendment rights to a speedy trial and conflict-free counsel in addition to his rights to due process and equal protection. *Id*. According to Mitchell, the rulings of Judge Pate caused him emotional and psychological distress and resulted in his unlawful imprisonment. *Id*. at 2.

### III.  DISCUSSION

**A.    Judicial Immunity**

Judges are absolutely immune from suit and are not subject to liability for judicial actions taken within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). *See Imbler v. Pachtman*, 424 U.S. 409, 422–24 & n.20, 430 (1976) (judges are entitled to

---

[3] The Court may take judicial notice of its own records and proceedings in other courts with a direct relation to matters at issue. *See Colburn v. Odom*, 911 F.3d 1110, 1112 (11th Cir. 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); Fed. R. Evid. 201(b)(2), (c).

immunity from claims for civil damages for acts taken within the scope of their judicial functions). This immunity extends to claims brought under *Bivens* and 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Absolute judicial immunity extends to all claims, whether for damages or for injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000).

Judge Pate's contact with Mitchell was in her judicial capacity in his criminal case. Her orders and rulings, including those regarding Presley's motion to withdraw as Mitchell's counsel, were entered in that case. In making those rulings, Judge Pate did not act in the "clear absence of all jurisdiction." Judge Pate is entitled to absolute judicial immunity from Mitchell's suit, and the claims against her are due to be dismissed under § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

**B.      Defense Attorneys Are Not Federal Actors.**

Mitchell names Preston L. Presley, the attorney representing him in his criminal case, as a defendant. As indicated above, Mitchell identifies no acts by Presley supposedly violative of his constitutional rights. In any event, defense attorneys are not federal actors subject to *Bivens* liability, even if the claims are related to court-appointed representation. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). A *Bivens* action cannot be maintained against defense counsel in a criminal proceeding because counsel does not act under color of law. *Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008). An attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government, but is instead the government's adversary and hence cannot be subjected to liability under *Bivens*. *See Polk County*, 454 U.S. at 318–19 n.7, 323 n.13. Accordingly, Mitchell's claims

against Presley are due to be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## IV. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) and § 1915A(b)(1)–(2).

It is further

ORDERED that the parties shall file any objections to this Recommendation by September 28, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 14th day of September, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE